UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-077 |
| | ) | |
| RANDY MESTRE | ) | |

**MEMORANDUM AND ORDER**

This criminal case is before the Court on the defendant's *pro se* motion for compassionate release pursuant to 18 U.S.C. 3582(c)(1)(A)(i), as supplemented. [Docs. 71, 72]. The United States has responded in opposition [docs. 74, 75] and the defendant has not replied within the time allowed by this Court's Local Rules. For the reasons that follow, the defendant's compassionate release request will be denied.

## I. BACKGROUND

In 2016, the defendant pled guilty to one count of Hobbs Act robbery, one count of brandishing a firearm during and in relation to a crime of violence, and four counts of aiding and abetting Hobbs Act robbery. [Doc. 28]. In 2017, the Honorable Pamela L. Reeves imposed the parties' agreed-upon 384-month sentence. [Docs. 28, 44].[1] The defendant is presently incarcerated at FCI Coleman Medium with a projected release date of May 24, 2043. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Dec. 14, 2021). He now moves for compassionate release in light of the COVID-19 pandemic, "severe" asthma, chronic rhinitis, his "unduly long and harsh sentence," and his

---

[1] The defendant's effective guideline range was 162 to 181 months' imprisonment. [Presentence Investigation Report ("PSR"), doc. 41, ¶ 101]. Had the defendant been convicted of all counts in the Superseding Indictment, he would have faced an additional, statutorily mandated, 100 years in prison. [*Id.*, ¶ 104].

"remarkable rehabilitation." The defendant also challenges the validity of one count of conviction and he alleges that he received ineffective assistance of counsel at the plea negotiation stage.[2]

## II. COMPASSIONATE RELEASE

Section 3582(c)(1)(A)(i) of Title 18, United States Code, allows district courts to consider prisoner motions for sentence reduction upon a finding of "extraordinary and compelling reasons." That statute, as amended by the First Step Act of 2018, provides in relevant part:

> [T]he court, upon motion of the Director of the Bureau of Prisons ["BOP"], or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
> (i) extraordinary and compelling reasons warrant such a reduction ... and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission....

18 U.S.C. § 3582(c)(1)(A)(i). Prior to the First Step Act, a motion for compassionate release could only be brought by the BOP Director, not a defendant. *See* 18 U.S.C. § 3582(c)(1)(A) (2017). The First Step Act amended § 3582(c)(1)(A) to allow a defendant to file a motion for compassionate release after first asking the BOP to file such a motion

---

[2] Further, the defendant raises issues pertaining to his conditions of confinement. Such claims might be cognizable, *see, e.g., Estelle v. Gamble*, 429 U.S. 97 (1976), but they should be presented in a civil lawsuit in the prisoner's district of confinement after the exhaustion of administrative remedies. *See* 42 U.S.C. § 1997e(a). There is no evidence that this defendant has exhausted his administrative remedies on those claims, nor is he incarcerated in this judicial district.

2

on his behalf. *See, e.g., United States v. Alam*, 960 F.3d 831, 832 (6th Cir. 2020).

The United States Sentencing Commission has promulgated a policy statement regarding compassionate release under § 3582(c), which is found at U.S.S.G. § 1B1.13 and the accompanying application notes. District courts in this circuit previously turned to U.S.S.G. § 1B1.13 to provide guidance on the "extraordinary and compelling reasons" that may warrant a sentence reduction but are no longer to do so, at least as to compassionate release motions filed by defendants (rather than by the BOP). *See United States v. Jones*, 980 F.3d 1098, 1108 (6th Cir. 2020) ("[H]olding" that guideline 1B1.13 "is not an 'applicable' policy statement when an imprisoned person files a motion for compassionate release."); *accord United States v. Elias*, 984 F.3d 516 (6th Cir. 2021).[3] "District courts should [still] consider all relevant § 3553(a) factors before rendering a compassionate release decision." *Jones*, 980 F.3d at 1114.

### A. Exhaustion

The United States has expressly waived enforcement of the exhaustion requirement in this case. [Doc. 74, p.6]. The Court thus finds that it has authority under § 3582(c)(1)(A) to address the instant motion. *See Alam*, 960 F.3d at 834.

### B. Merits

As mentioned above, in support of his motion the defendant cites the COVID-19 pandemic, "severe" asthma, chronic rhinitis, his "unduly long and harsh sentence," and his "remarkable rehabilitation." The defendant also challenges the validity of one count of conviction and he alleges ineffective assistance of counsel at the plea negotiation stage.

---

[3] The parties in this case have not addressed any guideline policy statement other than § 1B1.13.

3

At the defendant's prison, there are currently two inmates and one staff positive for COVID-19, with 328 inmates and 89 staff having recovered, and three inmate and one staff fatalities. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 14, 2021). These numbers are historically significant, but outside the prison setting our nation remains in an ongoing crisis in terms of COVID diagnoses, variants, hospitalizations, and deaths. Further, the COVID-19 pandemic cannot alone justify compassionate release. *See, e.g., United States v. Shah*, No. 16-20457, 2020 WL 1934930, at *2 (E.D. Mich. April 22, 2020) ("[S]peculation as to whether COVID-19 will spread through Defendant's detention facility . . . , whether Defendant will contract COVID-19, and whether he will develop serious complications, does not justify the extreme remedy of compassionate release."); *see also United States v. Raia*, 954 F.3d 594, 597 (3d Cir. 2020) ("[T]he mere existence of COVID-19 in society and the possibility that it may spread to a particular prison alone cannot independently justify compassionate release[.]").

Additionally, at the defendant's prison complex 797 staff and 5,058 inmates have now been fully vaccinated. *See* Bureau of Prisons, https://www.bop.gov/coronavirus/ (last visited Dec. 14, 2021). The defendant is one of those 5,058 inmates. [Doc. 75].

The medical record confirms that the defendant has been diagnosed with, and receives treatment for, asthma and chronic rhinitis. [Doc. 72]. However, June 2020 imaging showed clear lungs and no acute cardiopulmonary process. [*Id.*]. In May 2020, the defendant reported a history of childhood asthma but no problems since childhood. [*Id.*]. In August and September 2020, lungs again sounded clear. [*Id.*]. In July 2021, the defendant reported no difficulty breathing. [Doc. 75].

Moderate to severe asthma is a condition which "can" increase the risk of severe illness from COVID-19. *See* People with Certain Medical Conditions, https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html (last visited Dec. 14, 2021). The available medical record discussed above does not show the defendant's asthma to be "moderate to severe," nor does it show his chronic rhinitis as being at that level of severity.

Moreover, as noted, the defendant is now fully vaccinated against COVID-19. The Sixth Circuit Court of Appeals has recently held that, "even recognizing the purported seriousness of his condition," a defendant's

> access to the COVID-19 vaccine substantially undermines his request for a sentence reduction. To that end, we agree with the Seventh Circuit that a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction. *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) (Easterbrook, J.). After all, with access to the vaccine, an inmate largely faces the same risk from COVID-19 as those who are not incarcerated. To be sure, inmates in some respects face social distancing challenges distinct from those of the general public (although perhaps not entirely unlike students in dorm rooms, individuals in medical and assisted care facilities, and even residents of densely occupied apartment complexes). But to the extent prisons do offer some unique challenges, the vaccine now significantly reduces the risks associated with COVID-19. And at this intersection of law and science, we find wisdom in Judge Easterbrook's assessment that "for people living in close quarters, vaccines offer relief far more effective than a judicial order." *Id.*

*See United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021).

Subsequently, the Sixth Circuit issued its published ruling in *United States v. Traylor*, 16 F.4th 485 (6th Cir. 2021). In *Traylor*, the appellant sought compassionate release "due to her various health ailments (e.g., diabetes, sleep apnea, asthma, obesity, being a recent organ transplant recipient, and use of immunosuppressive therapy)." *Id.* The Sixth Circuit

5

"[a]ccept[ed] the serious nature of Traylor's alleged medical conditions" but nonetheless held that her argument was foreclosed by *Lemons*' "holding that 'a defendant's incarceration during the COVID-19 pandemic—when the defendant has access to the COVID-19 vaccine—does not present an "extraordinary and compelling reason" warranting a sentence reduction.'" *Id.* (citing and quoting *Lemons*).

The published holdings in *Lemons* and *Traylor* bind this Court. *See, e.g., Grundy Mining Co. v. Flynn*, 353 F.3d 467, 479 (6th Cir. 2003). In light of those rulings and the evidence presented in this case, the present defendant has not carried his burden of showing that his physical health is an extraordinary and compelling ground for compassionate release.

The defendant's rehabilitative efforts do not change the result. The Court notes that the defendant has completed a drug education course of approximately 12 hours' duration, along with a quality assurance inspector program. [Doc. 71]. He has also submitted two letters (one signed, one anonymous) commending his prison work through UNICOR. [*Id.*]. Conversely, the defendant has incurred two disciplinary sanctions in the past year (insolence to staff and possession of an unauthorized item). [Doc. 74, Ex. 2]. As such, his rehabilitation is not as "remarkable" as alleged. Further, in the context of 18 U.S.C. § 3582(c)(1)(A) "[r]ehabilitation of the defendant alone shall not be considered an extraordinary and compelling reason" for compassionate release. 28 U.S.C. § 994(t).

The length of the defendant's sentence is also not an extraordinary and compelling basis for relief. He admittedly committed five Hobbs Act robberies, brandishing a firearm during each. [Doc. 41, ¶¶ 21-27]. Had he been convicted of all counts in his Superseding

6

Indictment (the elements of each of which he admitted in his plea agreement), he would have faced a sentence many decades longer than the one he received. [*Id.*, ¶ 104]. In light of the crimes committed, the defendant's negotiated sentence is not "unduly long and harsh."

Lastly, the defendant's challenge to one count of conviction and his allegation of ineffective assistance of counsel are issues which should be, or should have been, raised in a motion under 28 U.S.C. § 2255. This Court will not allow a defendant to bypass that statute's requirements by inserting § 2255 claims into a compassionate release motion.

In the alternative, compassionate release in this case would be inconsistent with the 18 U.S.C. § 3553(a) factors. Pursuant to § 3553(a),

> The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider –
>
> (1) the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> (2) the need for the sentence imposed—
>
>> (A) to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>>
>> (B) to afford adequate deterrence to criminal conduct;
>>
>> (C) to protect the public from further crimes of the defendant; and
>>
>> (D) to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;
>
> (3) the kinds of sentences available;

(4) the kinds of sentence and the sentencing range established for—

(A) the applicable category of offense committed by the applicable category of defendant as set forth in the guidelines—

(i) issued by the Sentencing Commission pursuant to section 994(a)(1) of title 28, United States Code, subject to any amendments made to such guidelines by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(ii) that, except as provided in section 3742(g), are in effect on the date the defendant is sentenced; . . .

. . .

(5) any pertinent policy statement—

(A) issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28, United States Code, subject to any amendments made to such policy statement by act of Congress (regardless of whether such amendments have yet to be incorporated by the Sentencing Commission into amendments issued under section 994(p) of title 28); and

(B) that, except as provided in section 3742(g), is in effect on the date the defendant is sentenced.

(6) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

(7) the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a).

The present defendant's criminal history is minimal, but in quantity only. He pled guilty in 2007 to charges of attempted first degree murder and aggravated assault, for which he was sentenced to 15 years' imprisonment. [Doc. 41, ¶ 80]. In that state case, he fired multiple rounds into a vehicle occupied by two people, striking one of them multiple times. [*Id.*]. The defendant was on parole in that case when he committed the instant offenses

8

(those offenses being five armed robberies over a three-day period). [*Id.*, ¶¶ 80, 82].

More than 21 years of actual time remain on the defendant's negotiated 32-year sentence. *See United States v. Kincaid*, 802 F. App'x 187, 188 (6th Cir. 2020) (Several § 3553(a) factors "permit the court to consider the amount of time served in determining whether a sentence modification is appropriate."). The defendant's conduct in this case was violent and incredibly serious. The same is true of his prior state convictions. Compassionate release on the facts of this case would not reflect the seriousness of the offenses of conviction, would not promote respect for the law or provide just punishment, and would not afford adequate deterrence or protect the public from future crimes.

### III. CONCLUSION

As provided herein,

1. To the extent that the defendant seeks compassionate release under 18 U.S.C. § 3582(c)(1)(A)(i), his motion [doc. 71] is **DENIED**.

2. The Clerk of Court is **DIRECTED** to mail the defendant a copy of this order, accompanied by the form which is used to file motions to vacate under § 2255. **No later than March 10, 2022**, the defendant must either: (1) fill out and return the attached preprinted form motion to signify that, in submitting the instant motion, he intended in part to bring a motion to vacate under § 2255; or (2), if he does not choose option (1), he must describe, in writing and in sufficient detail, the specific type of action or motion he intends to file and explain the legal basis upon which the requested relief (challenging one count of conviction and alleging ineffective assistance of counsel) can be granted. <u>If the defendant does not timely comply with this order, the Court will assume that he does not wish to proceed in this matter and will deem the remainder of his present motion [doc. 71] withdrawn</u>.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge