UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 3:16-CR-077 |
| | ) | |
| RANDY MESTRE | ) | |

**O R D E R**

In 2016, the defendant pled guilty to one count of Hobbs Act robbery, one count of brandishing a firearm during and in relation to a crime of violence, and four counts of aiding and abetting Hobbs Act robbery. [Doc. 28]. In 2017, the Honorable Pamela L. Reeves imposed the parties' agreed-upon 384-month sentence. [Docs. 28, 44]. The defendant is presently incarcerated at FCI Coleman Medium with a projected release date of May 24, 2043. *See* Bureau of Prisons, https://www.bop.gov/inmateloc/ (last visited Aug. 4, 2022).

By memorandum and order entered January 11, 2022, the undersigned denied the defendant's *pro se* 18 U.S.C. 3582(c)(1)(A)(i) motion for compassionate release. [Doc. 79]. Now before the Court is the defendant's February 4, 2022, *pro se* "Notice of Intent to File Response Rule 59 Motion to Amend" in which he seeks "both time to file and research this case for his response to government's opposition and Rule 59 to stop the clock." [Doc. 80].

The defendant expressly characterizes his filing as "his Rule 59, motion to amend." He states that "it is and will be my intention to file a rebuttal and amendment to the government's response … making sure the facts fit the case," with citation to "similar cases

that were granted relief." However, no such reply brief has been filed in the more than six months since the defendant submitted his Rule 59 motion.

In the criminal arena many courts evaluate motions to reconsider under the same standards applicable to motions filed under Federal Rule of *Civil* Procedure 59(e). *See, e.g., United States v. Davis*, No. 3:07-00124, 2014 WL 12719086, at *1 (M.D. Tenn. Apr. 3, 2014). Motions for reconsideration of the denial of a § 3582(c) motion are nonetheless subject to the time limits applicable to filing a criminal appeal. *See United States v. Wooley*, No. 16-3925, 2017 WL 3613318 at *2 (6th Cir. Feb. 28, 2017). As such, motions for reconsideration must be filed within 14 days of the challenged ruling, although that period may be extended up to 30 days upon a finding of "excusable neglect or good cause." Fed. R. App. P. 4(b)(1)(A)(i), (4).

Under these standards, the Court will find the instant motion timely even though it was not mailed until 20 days after the challenged ruling. The Court accepts the defendant's representation that in January 2022 his prison was "under a 'code red' COVIC-19 [sic] lockdown status … preventing movant from access to courts, access to law library and law library materials." The Court therefore finds good cause to excuse the untimeliness of the instant motion.

Timely or not, the motion for reconsideration will be denied on its merits. "Rule 59(e) does not simply provide an opportunity to reargue a case, and it must be supported either by a showing that the district court made an error of law or by newly discovered evidence." *Whitehead v. Bowen*, 301 F. App'x 484, 489 (6th Cir. 2008). The present motion does not meet the standard set forth in *Whitehead*.

2

Case 3:16-cr-00077-RLJ-DCP   Document 81   Filed 08/10/22   Page 2 of 4   PageID #: 1008

The defendant seeks to "rebut" the government's arguments and cite favorable caselaw. In other words, he wishes to restate arguments which were considered and rejected in the Court's prior ruling. It is apparent that the defendant simply wishes to reargue his case. He mentions no error of law by this Court, nor does he cite any newly discovered evidence.

In closing, the Court notes the defendant's suggestion that his 3582 motion was denied because he did not file a reply brief. He blames Federal Defender Services of Eastern Tennessee ("FDSET") for that failure. As such, the chronology of this case bears noting.

The defendant filed his compassionate release motion on July 12, 2021. [Doc. 71]. The government responded in opposition on August 20, 2021. [Doc. 74]. Pursuant to this Court's Local Rules, the defendant's reply brief was due on August 27, 2021, but he did not file one. On October 8, 2021, FDSET gave notice that it was reviewing the relevant documents in the defendant's case and that, upon completion of that review, it would file either a supplement or a notice of its intent not to supplement. [Doc. 77]. On December 10, 2021, FDSET filed notice that it would be submitting no further pleadings in this case. [Doc. 78]. Thirty-two days later, the Court denied the defendant's compassionate release motion.

At no point in the periods of August 20 to October 8, 2021, and December 10, 2021, to January 11, 2022, did the defendant file a *pro se* reply brief or move for an extension of time to do so. His criticism of FDSET is misplaced. In any event, this Court's prior ruling was in no way based on the absence of a reply brief.

3

The "Notice of Intent to File Response Rule 59 Motion to Amend" [doc. 80] is **DENIED**.

**IT IS SO ORDERED.**

ENTER:

s/ Leon Jordan
United States District Judge

4

Case 3:16-cr-00077-RLJ-DCP   Document 81   Filed 08/10/22   Page 4 of 4   PageID #: 1010